958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otis T. CATO, Defendant-Appellant.
 No. 91-5710.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On March 21, 1991, defendant Otis T. Cato pled guilty to violating the Travel Act, 18 U.S.C. § 1952, and to money laundering, in violation of 18 U.S.C. § 1956(a)(1), in connection with illegal gambling operations run by Cato in Tennessee. This was a conditional guilty plea, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, in which Cato reserved the right to appeal the district court's refusal to dismiss the indictment against him. Cato challenges his conviction based on the insufficiency of the Bill of Information setting out the charges against him, the insufficiency of the factual basis for the charges, and on due process grounds. For the reasons set out below, we affirm the ruling of the district court.
 
 
 2
 * In the Bill of Information, Cato was charged with one count of interstate travel in aid of racketeering (the racketeering offense involved was illegal gambling), and one count of laundering the proceeds of illegal gambling. These charges stem from Cato's deep involvement with bingo games in Tennessee.
 
 
 3
 At all relevant times, Tennessee statutes prohibited gambling except when it was conducted under certain specified conditions by particular charitable organizations. Tenn.Code Ann. §§ 39-6-601 et seq. This case was one of a large number of cases prosecuted in all three federal districts in Tennessee as part of an investigation called "Rocky Top." Cato was one of the major defendants in the investigation. The investigation revealed that many people, with the cooperation of some state regulators, operated bingo games for personal profit under the guise of operating them for charity.
 
 
 4
 Mr. Cato entered a guilty plea in open court to the charges contained in the Bill of Information. The guilty plea followed lengthy negotiations with the government. Cato freely admitted his guilt and detailed factual support for the charges was read into the record. In fact, Cato submitted to the court a stipulation that contained an admission that all of the factual statements contained in the government's factual basis were true and accurate. The defendant now challenges his conviction based on the sufficiency of the Bill of Information, the sufficiency of the factual basis for the charges, and on a due process grounds, claiming that is somehow unfair for the federal government to prosecute him for these crimes.
 
 
 5
 Cato's arguments were made below as motions to dismiss the indictment and were rejected by the district court. The court correctly concluded that the Bill of Information adequately charged an offense and that an adequate factual basis was shown to support the charges and the defendant's guilty plea. The facts stated in the factual basis, and admitted to by the defendant, clearly showed that the underlying activity alleged in the federal crimes was illegal gambling, in violation of Tennessee law. The district court also correctly found that Cato was not deprived of his due process rights by being charged with a federal crime.
 
 
 6
 In this case, the Bill of Information fully informed the defendant of the charges against him and enabled him to plead a judgment thereon as a bar to a subsequent prosecution for the same offense. This is all the law requires for an indictment or information to be sufficient. Allen v. United States, 867 F.2d 969, 971 (6th Cir.1989). The charges in the Bill of Information track the language of the statutes, contain all of the elements of each offense, and contain sufficient factual allegations both to inform the defendant clearly of the nature of the charges and to allow Cato to plead prior jeopardy as a bar to a subsequent prosecution for the same offense.
 
 
 7
 The defendant admitted to the information contained in the factual basis. This information showed that he was involved in running specific bingo games for personal profit and not for charity. In supervising the games and to obtain money skimmed from the operation, Cato flew from South Carolina to Tennessee. The factual basis also clearly shows Cato violated the money laundering statute with his use of the proceeds from the illegal gambling activity.
 
 
 8
 Finally, Cato somewhat vaguely argues that it is somehow fundamentally unfair for the federal government to prosecute him on separate felony charges based on his underlying offense of operating illegal bingo games. Cato also mentions that he had no notice that a federal prosecution was possible. According to Cato, all of this adds up to a due process violation. However, Cato has violated Tennessee gambling laws and, in the process, has also committed federal crimes clearly defined by federal statutes. The federal government did not violate Cato's due process rights by prosecuting him for his crimes.
 
 II
 
 9
 For the reasons stated, we AFFIRM the judgment of the district court.